UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESTATE OF LEONARD BROWN, et al.,

Plaintiffs,

v.

ALAMEDA COUNTY, et al.,

Defendants.

Case No.  22-cv-05457-VC

**ORDER RE MOTION TO STRIKE**

Re: Dkt. No. 23

The motion to strike is granted in part and denied in part. The plaintiffs move to strike the County Defendants' fourth, sixth, and seventh affirmative defenses. The County Defendants have agreed to withdraw the seventh affirmative defense, so only the fourth and sixth defenses are at issue. Dkt. No. 27 at 2.

The fourth affirmative defense raises certain California Government Code immunities to the state law claims. The County Defendants concede that the immunities they've identified are not available to all the County Defendants, but they have not identified which immunities each defendant is asserting. Dkt. No. 27 at 8. "A plaintiff should not have to guess at who is asserting a defense or to which claim a defense applies." *Neylon v. County of Inyo*, No. 1:16-CV-0712 AWI JLT, 2017 WL 3670925, at *10 (E.D. Cal. Aug. 25, 2017). And without clearly delineating which immunities each defendant is asserting, it is impossible to tell whether the defendants have identified a sufficient factual basis for those immunities. *See id.* The motion to strike is granted as to the fourth affirmative defense.

The sixth affirmative defense raises qualified immunity and "good faith" immunity. The County Defendants have clarified that only the individual County employee defendants raise the

immunity defenses to the section 1983 constitutional claims brought against them. Given that clarification, the motion to strike is denied as to the sixth affirmative defense. *See Neylon*, 2017 WL 3670925, at *2–3.

The County Defendants may file an amended answer within 14 days of this order.

**IT IS SO ORDERED.**

Dated: February 1, 2023

VINCE CHHABRIA
United States District Judge